## JACOB DE YOUNG *vs.* FRANK A. ANDREWS COMPANY.

Suffolk.    December 11, 1912. — February 26, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Conversion. Evidence,* Presumptions and burden of proof. *Practice, Civil,* Findings of judge without jury, Exceptions.

Where the plaintiff in an action for the alleged conversion of an article of personal property relies upon a demand and refusal as independent and basic evidence of a conversion, it must appear that at the time of the demand and refusal the defendant had the control of the article so as to be able to comply with the demand, and the burden of proving such facts is upon the plaintiff.

Where a judge, who without a jury heard an action for the alleged conversion of an article of personal property, ruled that the only evidence of conversion in the case was a refusal of the defendant to deliver to the plaintiff upon his demand the article alleged to have been converted, and erroneously refused to rule that the burden was on the plaintiff to show that at the time of the demand the defendant had it in his power to return the article to the plaintiff, and then found for the plaintiff, exceptions alleged by the defendant should be sustained, even if there was evidence warranting a finding that the defendant could have complied with the plaintiff's demand.

TORT for the alleged conversion of two diamonds. Writ in the Municipal Court of the City of Boston dated March 11, 1911.

On appeal to the Superior Court the case was heard by *Irwin,* J., without a jury.

It appeared that sometime in August, 1910, the defendant, a corporation, having a customer who desired to purchase two matched diamonds, requested the plaintiff, a diamond broker, to procure for it diamonds to be submitted to its customer. The plaintiff thereafter brought the diamonds in question to the defendant's place of business. Thereafter the defendant submitted the diamonds to its customer, to whom they proved unsatisfactory, and subsequently it requested the plaintiff to procure two other diamonds for sale to the customer referred to. The latter diamonds were delivered to the defendant a short time after the diamonds in question were delivered to the defendant. They subsequently were sold to the customer and paid for, so that no question arose in regard to them.

The defendant contended that, at the time of the delivery of the diamonds which were sold and paid for, the diamonds for which the action was brought were redelivered to the plaintiff. This the plaintiff denied. It appeared that the plaintiff, who was in the habit of coming to the defendant's store daily, repeatedly asked for a report on the diamonds. He testified that, in response to these inquiries, the defendant's manager repeatedly asked him to let the diamonds remain, telling him that he expected that they would be sold. It appeared that during the time that these inquiries were made by the plaintiff, the defendant was admittedly in possession of the second pair of diamonds, which subsequently were sold by the defendant and accounted for to the plaintiff.

There was evidence in support of the contentions of both parties.

At the close of the evidence, the defendant asked for the following rulings:

" 2. The refusal of the defendant to deliver the diamonds upon the plaintiff's demand is no evidence of conversion unless it shall appear that at the time of the demand and refusal the defendant had it in his power to comply with the plaintiff's demand and surrender to him the stones."

" 4. Unless it shall appear that the diamonds were in the possession of the defendant at the time of the demand and refusal, the action cannot be maintained in the form of conversion.

" 5. The burden is upon the plaintiff to show that at the time of the demand and refusal the defendant had it in his power to give up the diamonds to the plaintiff."

" 7. That upon all the evidence there should be a finding for the defendant."

The judge refused to make any of these rulings, but made the following rulings at the request of the defendant:

" 1. The only evidence of conversion in the case at bar is the refusal of the defendant to redeliver the diamonds upon the plaintiff's demand."

" 3. No recovery can be had in this action against the defendant unless it shall appear that before the demand and refusal he actually converted the diamonds, or that at the time of the demand and refusal he had it in his power to give up the property."

" 6. If it shall appear that at the time of the demand and refusal the defendant did not have it in his power to give up the diamonds, there can be no recovery in this action against him unless it shall appear that before the demand and refusal he actually converted said property."

The judge found for the plaintiff, and filed the following memorandum of his findings:

"That on or about August 15, 1910, the plaintiff, upon the defendant's request, delivered to the defendant the diamond mentioned in the plaintiff's declaration; that the said diamond was so delivered and was received by the defendant, under and in accordance with a clearly understood business arrangement between the parties, which was, — if the defendant did not succeed in selling the said diamond forthwith to a prospective customer he should then return it to the plaintiff. From time to time thereafter, at intervals of a day or two apart, the plaintiff called upon the defendant and inquired as to whether the diamond had been sold and was each time informed by the defendant that it had not been, and that he desired to keep it a little longer, as he hoped and expected that he would be able to sell it. Finally on or about two weeks after the date of delivery, the plaintiff demanded of the defendant that he return the diamond to him but that the defendant refused to do so, saying that he had never received it from the plaintiff.

"The only evidence in the case that the defendant converted the diamond to his own use, is his receiving it from the plaintiff in

the way aforesaid, and his refusal to deliver it to the plaintiff as aforesaid.''·

The defendant alleged exceptions.

*J. C. Johnston,* for the defendant.

*W. Hirsh,* for the plaintiff.

HAMMOND, J. When the plaintiff relies upon demand and refusal as independent and basic evidence of conversion, it must appear that at the time of the demand and refusal the defendant had the control of the article so as to be able to comply with the demand; and the burden of proving all this is upon the plaintiff. Lord Ellenborough in *Smith* v. *Young,* 1 Camp. 439, 441. 2 Greenl. on Ev. 644, and cases cited. See also *Johnson* v. *Couillard,* 4 Allen, 446; *Gilmore* v. *Newton,* 9 Allen, 171. The fifth instruction should have been given.

We are therefore compelled to sustain the exceptions, even if there was evidence which would have warranted a finding that the plaintiff had sustained the burden. The general finding for the plaintiff so far as dependent upon this branch of the case may have turned upon the erroneous theory apparently adopted at the trial as to where the burden of proof lay.

*Exceptions sustained.*