PREMIUM CUT BEEF COMPANY *vs.* EDWARD KARP,
administrator.

Middlesex.     April 3, 1945. — May 7, 1945.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Conversion.*

An action of tort against an administrator for conversion of articles
located in a store formerly conducted by the defendant's intestate
could not be maintained where, although it appeared that the articles
had been used in the store by the intestate and continued to be used
in the conducting of the store after his death and that there had been
a demand by the plaintiff, there was no evidence that the defendant
had been authorized by the Probate Court to conduct the store and
testimony as to the defendant's relationship to the store and his con-
trol of the articles amounted to no more than a guess.

TORT.  Writ in the District Court of Lowell dated No-
vember 21, 1942.

On removal to the Superior Court, the case was tried
before *Morton*, J.

*R. B. Walsh*, for the defendant.

*A. Barlofsky*, for the plaintiff.

WILKINS, J.  This is an action of tort for conversion of
three electric computing scales and a grinder brought
against the defendant as administrator of the estate of
William Karp.  At the conclusion of the evidence the de-
fendant's motion for a directed verdict was denied subject
to his exception.  The jury returned a verdict for the
plaintiff.

The evidence tended to show that the articles in question
were lent to William Karp, the owner of a retail store
adjacent to the plaintiff's place of business, by his son,
Maurice Karp, who was an officer of the plaintiff acting on
its behalf.  In 1941, when William Karp died, the articles
were still in his possession.  After his death his business
continued to be conducted, and the articles remained where
they were, and continued to be used.  On November 19,

1942, the plaintiff made a written demand on the defendant for their return, and two days later brought this action.

There was no evidence that the defendant was authorized by the Probate Court to conduct the business of the store. See G. L. (Ter. Ed.) c. 195, § 7. The only testimony connecting the defendant with the conduct of the business or with possession of the articles came from Maurice Karp. After testifying that the defendant had been appointed administrator of the estate of William Karp, he was asked, "Did he continue to .run the business after your father died?" To this he answered, "The business ran for a while, so he conducted it, or some one else of the family conducted it. I don't know. But the business remained there, and was running." With respect to the store he was asked, "As far as you know, that was in the control of Edward Karp, the administrator of William Karp?" and he answered, "Yes, sir." To the question, "As far as you know, those scales and the hamburg grinder are still in the possession of Edward Karp, administrator?" he answered, "Yes, sir." This testimony amounted to no more than a guess as to the defendant's relationship to the store or its contents. See *Clark* v. *Eastern Massachusetts Street Railway*, 254 Mass. 441, 443; *Brownhill* v. *Kivlin*, 317 Mass. 168, 170. Compare *Cross* v. *Albee*, 250 Mass. 170, 177.

As the plaintiff cannot recover, we omit discussion as to whether the cause of action is against the defendant in his personal or representative capacity. See cases collected in 44 Am. L. R. 652, 127 Am. L. R. 692, 21 Am. Jur., Executors & Administrators, § 304, and 33 C. J. S., Executors & Administrators, § 250. The plaintiff, which relies upon a conversion, evidenced by a demand and refusal, must show, as part of its case, that at the time of such demand and alleged refusal the defendant had control of the articles so as to be able to comply with the demand. *De Young* v. *Frank A. Andrews Co.* 214 Mass. 47, 48. *Hellier* v. *Achorn*, 255 Mass. 273, 284–285. *Magaw* v. *Beals*, 272 Mass. 334, 340. *Edinburg* v. *Allen-Squire Co.* 299 Mass. 206, 212. See *Johnson* v. *Couillard*, 4 Allen, 446; *Gilmore* v. *Newton*, 9 Allen, 171, 172. This it failed to do. *Berry* v. *Friedman*,

192 Mass. 131, 136. *Arthur McArthur Co.* v. *Beals*, 243 Mass. 449, 451. The motion for a directed verdict should have been granted.

> *Exceptions sustained.*
> *Judgment for the defendant.*