MARSHALL VESSELS, INC. *vs.* JOHN B. WRIGHT.

Essex.    April 8, 1954. — June 9, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Conversion.    Ship.*

An action by the owner of a vessel for conversion thereof failed in the circumstances for want of proof that the plaintiff had the right to immediate possession of the vessel and that the defendant had control of it so as to be able to comply with a demand for it where the vessel, which could be found to have been subject to a lien for labor, was seized by the United States marshal on a libel for foreclosure of a mortgage held by the defendant and subsequently, after the defendant had been "paid all the moneys then due from the plaintiff" but not any money for the marshal's charges, was sold by order of the United States District Court for a sum less than the amount due the marshal's custodian.

TORT. Writ in the Superior Court dated November 26, 1952.

The action was heard by *Fairhurst,* J.

*Max Binder,* (*Richard L. Hull* with him,) for the plaintiff.
*Solomon Sandler,* for the defendant, submitted a brief.

WILKINS, J. In this action for conversion of the "Lousam," a fishing vessel of the plaintiff, the judge found for the defendant. The plaintiff alleges exceptions to the granting of the defendant's motion for a directed finding, which the judge treated as a request for a ruling that the plaintiff cannot recover; to the granting of certain requests for rulings of the defendant; and to the denial of certain requests for rulings of the plaintiff.

We first have the burden of determining what were the facts found. See *Union Old Lowell National Bank* v. *Paine,* 318 Mass. 313, 316. The defendant filed a document indiscriminately containing seventeen "requests for findings of fact and rulings of law." As to these, the judge stated: "In so far as these requests can be construed as calling for

findings of fact — I find the facts . . . to be as requested — and in so far as the requests call for rulings of law — I rule as requested."

It was undisputed, and appeared for the most part from documents in evidence, that the "Lousam" was a registered "vessel of the United States" (U. S. C. [1946 ed.] Title 46 § 911); that the defendant held a preferred mortgage on the vessel (U. S. C. [1946 ed.] Title 46, § 922) under which the plaintiff was in default in making payments; that on November 1, 1951, the defendant filed a libel for foreclosure in the United States District Court for the District of Massachusetts (U. S. C. [1946 ed.] Title 46, § 954 [a]); and that the vessel was seized by the United States marshal, who appointed as "keeper" one Hull, a boat builder and boat yard operator, in whose yard the "Lousam" then was. The controversy arises out of what occurred following a settlement between the parties and a purported assignment of the mortgage to one Coughlin.

It was also undisputed and was impliedly found by the judge that on December 1, 1951, there met at a Gloucester bank a number of persons, including Henry L. Marshall (president of the plaintiff), his wife, the plaintiff's attorney, the defendant, his attorney, Coughlin, and an officer and the attorney for the bank, for the purpose of settling the indebtedness of the plaintiff and of the Marshalls to the defendant. The judge found that at the direction of the plaintiff's attorney the defendant executed and delivered to Marshall or his order an assignment of the mortgage; that the assignment was executed and delivered simultaneously with all other papers requested by the plaintiff "as part of a transaction whereby the defendant was paid all the moneys then due from the plaintiff and from Mr. and Mrs. Henry Marshall personally"; and that the assignee of the mortgage (Coughlin) "did not exercise a right he had under the assignment to have the libel of foreclosure dismissed." At the defendant's request, the judge also found that neither at the time of the settlement nor at any other time did the plaintiff give the defendant any money to pay the charges

of the United States marshal; and that the defendant at no time had custody, control, or possession, actual or constructive, of the vessel.

There was evidence from the records of the United States District Court that on December 6, 1951, two intervening petitions, purportedly on behalf of two other creditors, were brought against the vessel by the attorney who had previously represented the defendant; that after the United States marshal had been unsuccessful in selling the "Lousam" at public auction on May 27, 1952, the vessel was sold by order of a judge of the United States District Court to Hull for $100, which was the highest offer; and that on June 4, 1952, the same judge found that the sum due Hull as custodian was $232.

The plaintiff's case, in so far as resting upon supposed demand and refusal, was fatally defective. The burden was upon the plaintiff to show that at the time of the alleged conversion it had the right to immediate possession. *Bacon* v. *George*, 206 Mass. 566, 570. *Judkins* v. *Tuller*, 277 Mass. 247, 249–250. *Lane* v. *Volunteer Co-operative Bank*, 307 Mass. 508, 514. There was uncontradicted testimony by Hull, called as a witness by the plaintiff, that money was owed him in part for labor upon the vessel prior to the seizure by the United States marshal. His testimony could have been accepted by the judge. Hull, accordingly, could have been found to have a lien on the vessel. G. L. (Ter. Ed.) c. 255, § 14. The plaintiff also was required as part of its case to show that at the time of the demand and alleged refusal the defendant had control of the vessel so as to be able to comply. *De Young* v. *Frank A. Andrews Co.* 214 Mass. 47, 50. *Arthur McArthur Co.* v. *Beals*, 243 Mass. 449. *Premium Cut Beef Co.* v. *Karp*, 318 Mass. 229, 230. This the plaintiff failed to do, and there was no error in the granting of the defendant's thirteenth request.[1] We, accordingly, need not consider the effect of the failure to have the libel

[1] "The plaintiff must show as part of its case that the defendant had control of the 'Lou-Sam' so as to be able to comply with a demand for return of the vessel."

dismissed, or whether the defendant could have done so when the mortgage had been assigned to a third party at the request of the plaintiff, or whether such assignment after settlement of the mortgage debt was valid.

We likewise do not reach any question arising under Admiralty Rule 57 of the Supreme Court of the United States (254 U. S. 708). A sufficient reason is that the judge was not required to find that the defendant at the time of the settlement agreed to become solely responsible for any fees the United States District Court might thereafter allow the United States marshal for custody of the vessel. The finding was merely that the defendant was paid "all the moneys then due." The plaintiff was represented at the conference by an attorney, and was in as good position to be informed as anyone.

Similarly, we need not consider whether G. L. (Ter. Ed.) c. 255, § 4,[1] is applicable to a vessel of the United States. On the findings the plaintiff did not pay or tender payment of any charges arising from the care and custody of the vessel.

The bringing of the intervening petitions by the same attorney who had represented the defendant in the foreclosure suit was not the act of the defendant.

In view of the judge's findings there is nothing in the plaintiff's contention that there was error in ruling in substance that the plaintiff could not recover or in denying the plaintiff's request that there was evidence to warrant a finding in its favor. *Horton* v. *Tilton*, 325 Mass. 79. *Kerr* v. *Palmieri*, 325 Mass. 554, 556. *Fibre Leather Mfg. Corp.* v. *Ramsay Mills, Inc.* 329 Mass. 575, 577–578.

---

[1] "The mortgagor or a person lawfully claiming under him may, after breach of condition, redeem the mortgaged property at any time before it is sold in pursuance of the contract between the parties, or before the right of redemption is foreclosed. The person entitled to redeem shall pay or tender to the mortgagee or to the person claiming under him the amount due on the mortgage, or shall perform or offer performance of the condition, and shall pay all reasonable and lawful charges and expenses incurred in the care and custody of the property or otherwise arising from the mortgage; and if upon such payment or performance, or upon tender thereof, the property is not forthwith restored, the person entitled to redeem may recover it in replevin, or may recover damages for its conversion."

The plaintiff has not argued its exceptions in detail, and we see no reason to discuss them in detail. See *Commonwealth* v. *Gale*, 317 Mass. 274, 277. We have mentioned all questions meriting discussion.

*Exceptions overruled.*