*Northern District*

No. 4859

**MODERN LIGHTING MFG. CORP.**

**v.**

**GEORGE BRASS and PETER METASTASIO d/b/a**

(July 12, 1955)

*Eno, J.* This is an action of tort for the alleged conversion of eight fluorescent lighting fixtures by the defendants, who denied that they were the property of the plaintiff and that they converted them to their own use.

The trial judge (*McWalters, J.*) made the following findings of facts:

"I find from all the creditable evidence that the plaintiff Corporation installed fluorescent lighting fixtures in premises presently occupied by the defendants as Lessees at 1232 Cambridge Street, Cambridge, Massachusetts, under a Lease with one Edith Freeman, who is owner of the building and the Lessor.

\*\*\*\*that these fixtures were not sold by the plaintiff to the defendants in this action but to one Gordon B. Fitch, sometime in 1952, who was doing business as the Home Fish Market under a Conditional Sales Contract entered into between the plaintiff and the said Gordon B. Fitch, d/b/a Home Fish Market.

\*\*\*\*that the last payment made under this Conditional Sales Contract by the said Gordon B. Fitch d/b/a was to the plaintiff some time in May, 1953. \*\*\*\*that at no time were the defendants in this action a party to said Conditional Sales Contract or did they at any time assume the obligations thereunder that the said Gordon B. Fitch, d/b/a went out of business and the premises now occupied by the defend-

ants were vacant for seven months prior to the defendants in this action taking possession under Lease above-referred to with the said Edith Freeman, as owner and Lessor."

"****that the plaintiffs came in to see the defendants some time in May, 1954 inquiring about the fixtures and removal of same. **that the defendants at that time informed the plaintiff they knew nothing about the ownership of the fixtures and as far as they were concerned, at the time they entered into their Lease with the owner of the building, Edith Freeman, these fixtures were on the premises and they had leased the premises with the fixtures attached thereto and they, therefore, informed the plaintiff that he should take the matter up with the landlord, Edith Freeman, as they believed they had no authority, and I find rightfully so, to give up the fixtures under the existing circumstances.

****that the plaintiff then went to the landlord, Edith Freeman, and inquired about taking the fixtures out and according to testimony of the plaintiff, the landlord, Edith Freeman, gave permission to the plaintiff to remove said fixtures but I also find upon all the evidence, that at no time did the landlord notify the defendants in this action in writing that plaintiff had a right to remove these fixtures. I therefore, find as a fact that the defendants in this action at no time converted these fixtures to their own use and their actions, relative to the removal of the fixtures by the plaintiff, was reasonable as any prudent individual would do under all the existing circumstances."

The Court refused to rule at the request of the plaintiff that

1. As a matter of law the evidence in this case is sufficient to warrant or support a finding for the plaintiff.

2. As a matter of law the evidence in this case is

insufficient to warrant or permit a finding for the defendants.

7. As a matter of law there was no refusal to surrender possession by defendants which was qualified according to the circumstances so as to render the defendants not liable for the conversion of the chattels.

There was a finding for the defendants and the plaintiff claims it is aggrieved by the denial of these three requests for rulings.

No copy of the conditional sale contract is attached to the report, nor does it appear that it was even introduced in evidence. We are therefore unable to find that it complied with the requirements of G. L. c. 255, §§ 12 to 13a as amended. The burden was on the plaintiff to prove compliance with all the requirements of these statutes. The trial judge made no finding of fact on that point, but found for the defendants on the ground that they "at no time converted these fixtures to their own use."

The defendants were lessees of the premises in which these fixtures were attached at the time of the execution of their lease. This lease also is not annexed to the report, but we assume, without deciding, that it is in the usual form and that the lights being attached to the realty at the time of the letting, became part of it at least as between the defendants and the landlord, and they had to be returned to the latter at the expiration of the lease in the same condition as they were at the time of its execution, reasonable use and wear thereof excepted. The judge could have found that the defendants did not have the control of them so as to be able to comply with the demand. *DeYoung v. Frank A. Andrews Co.*, 214 Mass. 47; *Magaw v. Beals*, 272 Mass. 334; *Premium Cut Beef Co. v. Karp*, 318 Mass. 229; *Marshall Vessels, Inc. v. Wright*, 1954 Adv. Sh. 555.

If, on the other hand, we assume, as the parties and the trial judge did, that these fixtures were personal property and that the conditional sale agreement did not have to be recorded under G. L. c. 184, §13,

then the trial judge rightly ruled that the refusal of the defendant was qualified and not absolute, and that the condition it made was reasonable and justifiable, imposed in good faith and in recognition of the rights of the plaintiff, and therefore did not serve as sufficient basis for an action of conversion. 65 C. J Trover and Conversion, p. 50, §75; *Marshall Vessels Inc., v. Wright,* 331 Mass. 487.

The case of *Brown v. General Trading Co.,* 310 Mass. 263, cited by the plaintiff, is distinguishable from the present case in that the defendant was found to have taken possession unlawfully of the land and chattels of the plaintiff, which is not the situation in the instant case.

There being no prejudicial error in the denial of the plaintiffs requests for rulings, *the report is to be dismissed.*

Louis Barsky, for the plaintiff.

Simon & Steadman, for the defendant.