*Municipal Court. of the City of Boston*

No. 497090

**ANNINA D'ALOISIO**

v.

**MORTON'S INC., ET AL**

(January 11—March 6, 1963)

*Present*: Riley, J. (Presiding), Lewiton & Canavan, JJ.

Case tried to *Mottola, Sp. J.*

*Lewiton, J.* In this action of contract or tort, the plaintiff seeks to recover for the loss of a fur coat which she left with the defendant Halmor, Inc. ("Halmor") for storage and minor repairs. After trial before a justice of this court, the case was reviewed by this Appellate Division and then by the Supreme Judicial Court, which ordered a new trial (342 Mass. 231).

In the present posture of the case, there is no controversy about the right of the plaintiff to recover on the count in contract in the amount of $300, in accordance with the limitation of liability provided for in the contract of storage. The point now at issue is whether the plaintiff is entitled to recover on the counts alleging conversion, and whether the trial judge ruled properly on the plaintiff's requests for rulings pertaining to that issue.

The trial judge's rulings contained no error prejudicial to the plaintiff.

*It is agreed that* the plaintiff left her coat at the premises of Halmor on May 15, 1958 for storage and minor repairs, and that when she requested return of the coat in November of that year, she did not receive it. The report contains some evidence as to the manner in which the coat was handled by the defendant, but there was no direct proof as to its ultimate disposition or whereabouts, and no findings have been made as to what actually happened

to the coat. *There was evidence that* shortly after the plaintiff left the coat with Halmor, it was sent to the latter's alteration room. This room had two openings but no door, and Halmor's 50 or 60 employees and its customers had ready access to the alteration room. *There was also evidence,* which is summarized in considerable detail, as to the efforts made by Halmor to locate the coat after the plaintiff requested its return to her.

At the conclusion of the second trial, the judge made the following specific findings of fact:

" . . . the Defendants searched everywhere to locate the coat at the time the plaintiff made demand upon them, but it could not be located."

" . . . the Court is constrained to find as a matter of fact that the defendants did everything humanly possible to locate the coat but failed."

"The Plaintiff urges the Court to make a finding against the Defendant on conversion on Counts #1 and 3. An Act [sic] of tort for conversion of personal property cannot be maintained without proof that the Defendants either did some positive wrongful act with intention to appropriate the property to themselves or to deprive the rightful owner of it or destroy the property. The Court is not satisfied that the Defendants by their conduct committed any acts of wrongful intention or other acts as to constitute conversion."

The court then proceeded to find for the defendant on the conversion counts, and for the plaintiff on the contract count in the amount of $300.

The judge had denied as inapplicable by reason of the facts found by him, requests for rulings to the effect that the mere inability of the defendant to find the coat at the ime of demand "is not sufficient legal excuse to avoid liability . . . for conversion", and additional requests to the effect that the court could infer from all the evidence that the coat was in the possession of the defendant when demand was made for it by the plaintiff.

As stated by the Supreme Judicial Court in its recent opinion in this case: "So far as the plaintiff relies to prove a conversion, as distinguished from a default under the contract of bailment, upon Halmor's failure to return the coat after demand, it must appear that Halmor still had the coat at the time of the demand in the autumn and was able to comply with the demand." 342 Mass. 231 ,238. The burden of proving that Halmor had the coat in its possession or control at the time of demand, and was therefore able to comply with the demand, rested on the plaintiff (although the trial judge erroneously granted a requested ruling to the contrary.) *De Young v. Frank A. Andrews Co.,* 214 Mass. 47, 50; *Premium Cut Beef Co. v. Karp,* 318 Mass. 229, 230-231; *Marshall Vessels, Inc. v. Wright,* 331 Mass. 487, 489.

The plaintiff has argued before us that the recent Supreme Judicial Court decision in this case should be taken to lay down the rule that if a bailee does not satisfactorily establish the precise manner in which

the bailed article was disposed of, the court may base a finding of conversion upon the mere failure of the bailee to return the article on demand, irrespective of whether it was in fact in the possession or control of the bailee when the demand for return was made. We do not agree with this interpretation. Rather, we interpret the recent decision as reaffirming the rule as to the plaintiff's burden of proof set forth in the cases cited above, but holding that in the special circumstances of this case, as then reported, including the paucity of the evidence as to Halmor's efforts to find the coat, it would be permissible for the trial judge to infer that the coat was in the possession or control of the defendant when the demand was made, and that upon the drawing of such an inference by the trial judge, the plaintiff's burden of proof would have sustained. The case was thus returned for a new trial so that there could be a specific determination, whether based on direct evidence or permissible inference, as to whether the coat was still in the possession or control of Halmor when the plaintiff called for its return. In the light of the unequivocal findings made at the second trial and quoted above, to the effect that the defendant, at the time of demand, made all possible efforts to locate the coat but were unable to do so, it is clear that the plaintiff has failed to sustain her burden of proof, and that no basis existed for a finding of conversion based upon the

failure to return the coat when it was called for by the plaintiff.

The plaintiff also requested the ruling that:

> "The Court may infer, where defendant fails to show that the coat was either stolen or destroyed by accident, that defendant, its agents or servants, delivered or sold coat to a person not authorizer by the plaintiff."

This request was also denied as being inapplicable to the facts found. The denial was proper. In view of the evidence that the coat had been last seen in a room to which the customers of Halmor and its 50 or 60 employees had free access, and in view of the complete absence of evidence as to the subsequent disposition or whereabouts of the coat, an inference that is had been delivered or sold by an agent of the defendant to an unauthorized person would rest on mere surmise or conjecture, and would not be warranted. Cf. *Boyle v. Cambridge Gas Light Co.*, 331 Mass. 56, 63; *Wardwell v. Geo. Taylor & Co.*, 333 Mass. 302, 305; *Allen v. Essanee, Inc.*, 309 Mass. 1, 71.

Report dismissed.

Samuel A. Valenti, of Boston, for the Plaintiff.

Edward O. Proctor, Jr., of Boston, for the Defendant.