*Western District*

**JOHN FOLEY**

v.

**RONALD DUNLOP**

Argued: Dec. 14, 1964—Decided: Jan. 25, 1965

*Present*: Garvey, P. J. & Moore, J.

Case tried to *Allen, J.* in the Central District Court of Worcester. No. 130943.

*Garvey, P. J.* This is an action of tort. The plaintiff seeks recovery for damages to his motor vehicle, in the first count, on negligence, and in the second for conversion. The defendant denied the allegations.

After a trial there was a general finding for the plaintiff and damages were assessed in the amount of $1930.00. The defendant duly filed a motion for a new trial requesting the court to specify on which of the counts he found for the plaintiff. After a hearing the motion was denied. Claiming to be aggrieved by this action and to the denial

of certain of his requests for rulings of law the defendant requested this report.

The following is a summary of the reported evidence.

On *August* 17, 1962 the paintiff loaned his motor vehicle to his brother who did not testify. He saw it next the following day in a damaged condition at the Leicester Police station. He gave an opinion of his loss.

 The defendant, age 19, testified he was drinking in a drinking establishment in the evening of August 17th, where he met a young man called "Muscles". That after they visited two or three other drinking establishments "Muscles" offered to drive him home. That they went to a parking lot, got into a car, and "Muscles" who had the keys drove it to the scene of the accident. The car was travelling about 90 miles per hour at the time and was totally demolished. He sustained injuries to his head but walked about a quarter of a mile to his home. That he was dazed and did not know what happened to "Muscles". He entered the Worcester City Hospital later that day and received treatment for injuries to his head, chest and right knee. He told substantially the same story to Leicester police officers when interviewed by them the same day, and denied operating the car.

The police officers testified "they found glass and debris on the right front seat and dash from a portion of the windshield which was shattered above and to the right of the

steering wheel, but to the left of the rear view mirror; that the steering wheel was bent downward at right angles to its normal position in the lower half thereof".

The trial judge made the following findings:

"The defendant visited several drinking places then operated the plaintiff's vehicle without authority from the plaintiff. That he operated it negligently causing it to collide with a tree, causing the damage complained of. The defendant claimed another person whom he knew as 'Muscles' operated the vehicle, but I find this was not the fact.

"I find the defendant in the accident injured his forehead, his chest and his right knee and that the windshield, the steering wheel and the radio of the vehicle were damaged at places which corresponded to the location of the defendant's injuries had he been driving. The passenger's side of the windshield was not damaged and there was considerable glass on the passenger's side of the front seat and very little on the driver's side when the police got to the scene.

"There was no evidence of 'Muscles' except the defendant's statement."

There was sufficient evidence, in our opinion, notwithstanding the meagerness of the reported evidence as to when, where and how the accident occurred, to warrant the trial judge's finding that the defendant was

the operator, was negligent, and his negligence was in violation of a duty he owed the plaintiff.

■ But we are of the opinion that the plaintiff cannot recover on his count for conversion. Generally, "the plaintiff in order to recover must show that, at the time of the alleged conversion, it had a general or special possession or the right to immediate possession . . . . " *Massachusetts Lubricant Corp. v. Socony-Vacuum Oil Co., Inc.,* 305 Mass. 269, 271. The reported evidence here does not show that the plaintiff had the "right to immediate possession" of his motor vehicle at the time of the alleged conversion. The right to possession was in his brother to whom it had been loaned the day before, without, so far as we know, restriction as to time and use. There was no evidence indicating that the defendant's possession was without the permission of the brother. Strangely, the manner in which the brother parted or lost possession is not shown.

It was held in *Marder v. Moose Hill Spring Tonic Co.,* 286 Mass. 126, 131 that "one who has a right of property in chattels, but who has no right to immediate possession thereof, cannot maintain an action for conversion," and in *Marshall Vessels, Inc. v. Wright,* 331 Mass. 487, 489, that the burden is "upon the plaintiff to show that at the time of the alleged conversion (he) had the right to immediate possession".

The trial judge considered the case under

alternative theories and we are unable to determine whether his general finding for the plaintiff was based on the negligence of the defendant, which would have been proper, or conversion, which would have been erroneous.

■ The defendant had a right to know the finding of the court on each count.

■ He followed correct procedure in filing a motion for a new trial requesting the court to amplify his finding by specifying the count or counts in which he found for the plaintiff, or granting him a new trial. *Biggs v. Densmore,* 323 Mass. 106, 108. It was error to deny this motion.

*A new trial is to be ordered.*

Melvin Glickman, of Worcester, for the Plaintiff.
Michael H. Selzo, of Worcester, for the Defendant.