*Western District*
No. 179902

## LUDLOW RUBBER COMPANY, INC.

### v.

## MACK TRUCK SALES OF SPRINGFIELD, INC.

Argued: May 16, 1967    Decided: July 14, 1967

*Present:* Garvey, P.J., Moore, J., and Levine, J.

Tried to: *Walsh, J.* in the District Court of Springfield. No. 179902.

*Moore, J.* This is an action of tort in which the plaintiff seeks to recover damages for eight truck tires and two tire tubes allegedly converted by the defendant.

*There was evidence at the trial tending to show that* the defendant had sold a truck to one Ralph Smith under a conditional sale agreement containing a clause that any accessories placed upon the property shall become a component part thereof. The financing statements, required by G.L. c. 106, § 9-401 to perfect its security interest, were duly filed by the defendant corporation. Subsequently, the plaintiff sold to the father of said Smith the eight tires and two tubes, the subject matter of this action, under a conditional sale agreement which was never filed as required by said provisions of G.L. c. 106 in order to perfect its lien.

After the sale of the tires and tubes as aforesaid, they were attached to the truck sold by the defendant under its conditional sale agreement. Later, upon default in the payments under its conditional sales contract, the defend-

ant took possession of the truck with the said tires and tubes attached thereto. Prior to the repossession of the truck by the defendant, Smith informed it that he had purchased the tires and tubes under a conditional sales agreement from the plaintiff and that they had not been fully paid for. At no time before the repossession and the sale of the truck with the tires and tubes attached, did the plaintiff give any written notice to the defendant of its claim on the tires. Neither did the plaintiff ever make any demand on the defendant for them.

At the time that the truck was repossessed and sold with the tires and tubes upon it, Smith was not in arrears in his payments under the conditional sales contract with the plaintiff for the purchase of the tires and tubes.

The above evidence does not seem to be controverted. The trial judge made special findings of fact as follows:

### "Special Findings of Fact

On July 2, 1963, the defendant executed a conditional sale with one, Ralph E. Smith on a dump truck. Thereafter, Ralph left the area and his father, Clarence Smith, made some of the payments on it. On June 10, 1964, Clarence bought eight tires and two tubes on conditional sale from the plaintiff and put them on the truck. The plaintiff did not record a financing statement.

In July of 1964, the truck account then

being in default, the defendant repossess-
ed it. At the time of repossession, the de-
fendant was informed that the tires be-
longed to the plaintiff. On July 29, 1964,
the defendant sold the truck with the
plaintiff's tires on it never having notified
the plaintiff.''

The defendant filed eleven requests for rul-
ings. The trial judge denied those number 3-
11 inclusive as inapplicable or inconsistent with
the facts found. Requests for rulings number-
ed 4, 5, 6, 10 and 11 were as follows:

"4. Because the financing statements in-
cluded "bodies, equipment and acces-
sories" in addition to the truck, the
tires installed on the truck after the
financing statements were filed became
subject to said perfected security inter-
est at the time the tires were installed.

5. The plaintiff cannot recover because it
has failed to perfect its security inter-
est in the tires by filing a financing
statement.

6. The plaintiff cannot recover because
the Defendant's duly perfected secur-
ity interest in the tires installed on the
truck is entitled to priority over the
Plaintiff's unperfected security inter-
est.

10. If the defendant rightfully came into
possession of the tires and his deten-
tion of the tires was not wrongful, then

the plaintiff cannot maintain this action in the absence of a demand for a return of the tires and a refusal by the defendant.

11. Even if the plaintiff made a demand upon the defendant for a return of the tires it must also prove that at the time of the demand the defendant had control of the tires so that it was able to comply with the terms of the demand.''

The above mentioned requests were applicable to the facts found and that their denial constituted prejudicial error because first, the plaintiff's security interest which had attached to the tires and tubes had not been perfected by filing as required by G.L. c. 106, § 9-401; whereas the defendants security interest had attached and had been perfected by the filing as required by said section. See G.L. c. 106, § 9-312 (5), G.L. c. 106, § 9-301 (1) (a).

Secondly, the plaintiff did not have possession or the right to the immediate possession of the tires and tubes as no default by Smith was shown to have existed under his conditional sale contract for the purchase of the tires and tubes at the time that the defendant repossessed and sold the truck under the conditional sale contract. *Massachusetts Lubricant Corp.* v. *Socony-Vacuum Oil Co.,* 305 Mass. 269, 271.

Furthermore, the plaintiff never made

any demand on the defendant for the tires or tubes which were at the time of the alleged conversion in the rightful possession of the defendant. See *Marshall Vessels, Inc.* v. *John B. Wright,* 331 Mass. 487.

There was prejudicial error in denying the defendant's requests for rulings No. 4, 5, 6, 10 and 11 and the order should be:

**Finding for the plaintiff vacated; finding for the defendant.**

DOHERTY and MURPHY of Springfield,
    for the Plaintiff.

ARTHUR M. MARSHALL of Springfield
    for the Defendant.