Hurley, J.
The plaintiff brought this action to recover the value of equipment converted by the defendants. After trial and a finding for the plaintiff, the defendants claimed a report.
There was evidence that in 1981 the plaintiff leased premises used as a restaurant, from the defendants. At the same time, the plaintiff purchased certain restaurant equipment from the defendants. The lease had a five year term. The purchase of the equipment was part in cash and the balance by two promissory notes. The smaller of those two notes was paid in full. The larger note was secured by the equipment. After approximately four years, the plaintiff moved out of the leased premises, but continued to pay the lease rent. The plaintiff did not abandon the premises or the equipment. At the time the plaintiff ceased operating the restau *142 rant, he forwarded payment to the defendants for the balance due on the note secured by the equipment. The defendants rejected the payment. At the same time the defendants changed the locks on the premises, precluded the plaintiff from access to the premises, and refused to release their security interest in the equipment. Approximately five months later the plaintiff forwarded a bank check to satisfy the amount owed on the promissory note. The defendants likewise rejected this tender.
After trial the court found for the plaintiff on the conversion claim and awarded damages.[2] On the defendants’ counterclaim, the court found for the defendants and awarded damages for the balance due on the note. The defendants claim error in the court’s denial of certain requests for rulings.
The trial judge made a general finding and in denying four of the defendants’ requests, made the finding that the requests presented a question of “fact/law.” No subsidiary findings were made. Request number one is in the familiar “negative” warrants language.[3] This language presents the trial judge with the question of whether the opponent’s evidence is sufficient as a matter of law. A denial of the negative warrant request is a ruling that there is credible evidence supporting the opponent’s case. The trial judge denied the request suggesting it was a request calling for a finding of fact as well as a ruling of law. Based on the evidence reported, the judge’s denial was proper. See Reid v. Doherty, 273 Mass. 388, 389 (1930). Request number two presented the trial judge with the familiar “warrants” language.[4] This request was also denied as a “Question of facts/law.” This request presents the court with the question of whether there is sufficient evidence as a matter of law on which a finding for the requesting party may be based. While this may generally lead to reversal,[5] there is no error in this case because there is no evidence set forth in the draft report on which the trial judge could have found for the defendants.[6] Based on the materials presented there was no credible evidence presented to the trial judge that the defendants had not converted the equipment and the plaintiff was thereby damaged.
The trial judge properly denied request number three on the ground that each subpart requested a finding of fact. In addition the request was framed in terms that the evidence “required” a finding for the defendants.
The remaining requests for rulings cite the case of Marshall Vessels, Inc. v. Wright, 331 Mass. 487 (1954). In that case the Supreme Judicial Court stated the burden on the plaintiff in a conversion claim is to show that at the time of the alleged conversion the plaintiff had the right to immediate possession. All these requests required the judge to make a finding of fact that certain evidence was not present in this case. If the defendants had simply stated in the request the plaintiff’s burden pursuant to Marshall the judge would have been in error in denying the request. The judge was correct in denying these requests.
Finding no error, we dismiss the report.

le judgment was later amended by agreement of the parties.

“The evidence dos [sic] not warrant a finding for the Plaintiff and Defendant in Counterclaim.”

“The evidence warrants a finding for the Defendant and Plaintiffs in Counter-

See DiGesse v. Columbia Pontiac Co., Inc., 369 Mass. 99 (1975).

A11 parties agree in their briefs that plaintiff tendered payment in full for the balance due on the equipment loan.