Lemire, James R., J.
Plaintiff Richard J. Lariviere (“Lariviere” or “plaintiff’) filed this action against Robert Longdon, Jr., Esq. (“Longdon”), Michael P. Angelini (“Angelini”), and Bowditch & Dewey, LLP (collectively, “defendants”) for conversion, invasion of privacy, violation of General Laws Chapter 93A, negligent infliction of emotional distress, fraud on the court, and negligent misrepresentation in connection with the defendants’ former representation of the plaintiffs firm and the defendants’ subsequent representation of the plaintiffs wife in divorce proceedings. The plaintiff alleges that the defendants failed to return to him all the contents of the files concerning the representation of his firm, that the defendants used the contents of the flies against him in his divorce proceedings, and that the defendants misrepresented to the Probate Court the fact that they represented him in his personal capacity.
The plaintiff moves for summary judgment as to Count I, asserted against Longdon, for conversion and as to Count VI, asserted against all three defendants, for fraud on the court. The defendants cross-move for summary judgment as to these claims. The court heard oral argument on February 21, 2007. Because the plaintiff has not sustained his burden of establishing the existence of the materials allegedly converted and because the Superior Court is the improper forum in which to bring an action for fraud on the Probate Court, the plaintiffs motion for partial summary judgment as to Counts I and VI is DENIED and the defendants’ cross motion for partial summary judgment as to Counts I and VI is ALLOWED.

BACKGROUND

Between April 1981 and December 1999, Bowditch & Dewey represented Highland Associates of Worcester, Inc. (“Highland Associates”) in connection with its ownership of Highland House. Lariviere was the sole owner of all shares of the company’s stock. Highland Associates was dissolved in 1986.[3] Lariviere was the sole owner of Highland House subsequent to that date. Plaintiff does not allege that the defendants had actual knowledge of this fact; rather, the bills as late as 1999 were addressed to Highland Associates and were paid on Highland House checks. Lariviere alleges that, because the corporation was dissolved in 1986 and Lariviere was the sole owner of the property after that date, Bowditch & Dewey represented him in his personal capacity.
In 1999, Lariviere consulted with George A. Balko III, Esq. and Jonathan R. Sigel, Esq. of Bowditch & Dewey about prospective representation on a disability claim. The firm conditioned representation on, inter alia, payment of fees for the initial interview and payment of a retainer fee. By letter dated January 4, 2000, Lariviere refused to pay the fees for the initial interview.[4]
In early 2005, Bowditch & Dewey commenced representation of plaintiffs wife, Helen Lariviere, in divorce proceedings against plaintiff. Defendant Angelini first filed an appearance on behalf of Mrs. Lariviere on May 2, 2005. In November 2005, after defendant Angelini had appeared or filed pleadings on behalf of Mrs. Lariviere at least twenty-five times, plaintiff moved to disqualify Angelini and Bowditch & Dewey. The Probate Court denied the motion on December 27, 2005, on the basis of a finding of fact that the firm had represented Highland Associates and not Lariviere personally and that the firm did not possess any information or documents adverse to Lariviere that were relevant to the divorce proceedings.
By letters dated December 8, 2005 and January 16, 2005, Lariviere requested, through counsel, that all original files in the firm’s possession “in connection *178 with your representation of Mr. Lariviere and his various business associations over the years” be returned to Lariviere’s business associate, Richard Bernard. On or about February 3, 2006, Longdon responded with a telephone call to Lariviere’s attorney indicating that the files would be forwarded in ten days or so.
Plaintiff filed this suit on February 13, 2006. The defendants assert that, by February 17, 2006, Bowditch & Dewey had forwarded all the files it had in its possession concerning the representation of Highland Associates. By Supplemental Response (“Pl.’s Supp. Resp.”) dated September 5, 2006, plaintiff identifies documents that he alleges have not been returned.
The plaintiff now moves for summary judgment as to his claims for conversion and fraud on the court. The plaintiff argues that the defendants’ alleged failure to provide the documents he identified is conversion. The plaintiff further argues that the defendants’ affirmative representation that the firm did not represent him in his personal capacity constitutes fraud on the court. The plaintiff argues that he is entitled to summary judgment as to the conversion count because the defendants have produced documents to show that they have not returned all the documents in their possession and because the plaintiff has shown that he has suffered harm on account of the defendants’ failure to return the documents. The plaintiff argues that he is entitled to summary judgment on the fraud on the court count because the defendant signed an affidavit that he provided to the court indicating that Lariviere was not a client of Bowditch & Dewey in 1999. The defendants argue that they are entitled to summary judgment as to the conversion count because, on the facts of this case, the plaintiff cannot prove any element of a claim for conversion. The defendants argue that they are entitled to summary judgment as to the fraud on the court count because there is no cause of action for fraud on the court and because there was no fraud on the court as a matter of law. The court considers the claims in turn.

RULINGS OF LAW

Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P.56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles it to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”). In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the non-moving party has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summary judgment is still available if the party with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).

I. Conversion

The plaintiff alleges that the defendants[5] failed to return all the documents provided to them and created during the course of their representation of the plaintiff and his associations and that the failure to return the documents constitutes conversion. The plaintiff bases his right to these documents on Massachusetts Rules of Professional Conduct, Rule 1.16(e). The plaintiff argues that he suffered harm on account of the alleged conversion because the documents concerned the value of the real estate on Highland Street, which he owned and, the plaintiff asserts, the value of which was a major issue in his divorce.[6] The defendants assert that they returned all the documents in their possession concerning the representation of the plaintiff and the companies with which he was associated. The defendants argue that they are entitled to summary judgment on this count because the plaintiff cannot prove the elements of refusal or damages and because the plaintiff did not bear his burden of proving that the defendants had possession of the documents that plaintiff asserts were not returned.
*179 To establish a claim for conversion against a party lawfully in possession, the plaintiff must show that he demanded return of the article to which the plaintiff had an immediate right to possession, Marshall Vessels, Inc. v. Wright, 331 Mass. 487, 489 (1954), and that the defendant refused to deliver the article, Edinburg v. Allen Squire Co., 299 Mass 206, 212 (1938). The plaintiff bears the burden of proving that, at the time of the demand and alleged refusal, the defendant had control of the property. Marshall Vessels, Inc. v. Wright, 331 Mass. 487, 489 (1954), and cases cited; De Young v. Frank A. Andrews Co., 214 Mass. 47, 50 (1913). In addition, the plaintiff bears the burden of proving that the defendants’ wrongful act damaged the plaintiff. Blais-Porter, Inc. v. Simboli, 402 Mass. 269, 274 (1988).
The plaintiffs claim for conversion must fail. The plaintiff bases his allegation of damages on the fact that retention of the documents by the attorneys prejudiced him in subsequent litigation. Even though an attorney is bound to supply all materials provided by the client and created during the course of representation to the client upon request, the attorney may retain copies of these materials. Mass. Rules of Professional Conduct, Rule 1.16(e). Because the defendants have a continued right to possess copies of these materials, the plaintiffs claim for “conversion” on the basis of defendants’ continued retention of any materials related to the representation cannot state a claim for conversion. Without a causal relationship between the alleged wrongful conversion of the materials and damages, the plaintiffs claim must fail.
Furthermore, the plaintiffs claim must fail for a more basic reason. The plaintiff has not borne his burden of proving that the defendants were in possession of the alleged documents at the time of the request or that the documents that the plaintiff alleges were the object of the conversion even existed. Even assuming that the documents plaintiff identifies as converted were ever in existence[7] see PL’s Supp. Resp. at 1-3, plaintiff has not borne his burden of proving that these documents were still in existence at the time of the request.[8] In addition, even if plaintiff had borne his initial burden, defendants’ affidavit that all documents in their possession pertaining to their representation of plaintiff or the companies with which he was associated have been returned provides evidence to negate an essential element of plaintiffs claim. Accordingly, plaintiffs claim for conversion cannot survive summary judgment.

II. Fraud on the Court

The plaintiff argues that he has established that defendant Longdon committed fraud on the court by signing an affidavit, which Longdon submitted to the court, stating that his firm did not represent Lariviere in his individual capacity in 1999. According to the plaintiff, not only would a routine check of the records of the Worcester Registry of Deeds have shown that the plaintiff was the owner of the real estate which was the object of the representation, but the defendants’ files themselves contained a memorandum indicating that the plaintiff was the owner of the property.
The plaintiff s claim must fail. A claim for fraud on the court does not provide an independent cause of action but rather serves as a basis for relief from a judgment reached on the basis of fraud. See Mass.R.Civ.P. 60(b). The plaintiffs claim is that fraud was perpetrated on the Probate Court. The appropriate forum in which to raise the issue, therefore, is the Probate Court. See Air Purchases, Inc. v. Mechanical Coordinators Corp., 21 Mass.App.Ct. 632, 633 (1986); see also Rockdale Mgmt. Co. v. ShawmutBank, N.A., 418 Mass. 596, 598 (1994) (“[T]he trial judge has the inherent power to take action in response to the fraudulent conduct”). (Emphasis added.) Accordingly, in this court, plaintiffs claim cannot survive summary judgment.

ORDER

For the foregoing reasons, it is ORDERED that the plaintiffs motion for partial summary judgment as to Counts I and VI is DENIED and the defendants’ cross motion for partial summary judgment as to Counts I and VI is ALLOWED.

In Exhibit A provided at oral argument, the plaintiff asserts that Highland Associates was dissolved in 1988. This fact, and plaintiffs ownership of the property, is immaterial to the disposition of the parties’ motions.

The letter stated in pertinent part, “I am in receipt of your invoice . . . regarding litigation with New York Life. It was my understanding that we met for an initial consultation and you informed me there was nothing you could do for me.” Letter from Richard Lariviere to Jonathan R. Sigel (Jan. 4, 2000).

Plaintiff asserts the conversion count only against defendant Longdon, but as a matter of fact, plaintiff requested return of the documents from the firm. Accordingly, the court reviews the claim to determine whether, on summary judgment, either Longdon or the firm could be liable for conversion.

The Probate Court found facts to the contrary.

Plaintiff has not even borne his burden of establishing that the documents he identifies were ever in existence. The documents on which plaintiff relies to establish that the documents he identifies existed at best merely suggest the possibility of their existence, as such, the documents on which plaintiff relies fail to provide any “proof’ at all. See generally Pl.’s Supp. Resp.

The plaintiff does not allege conversion by destruction of the documents, merely conversion by failure to return the documents.