Murphy, J.
The plaintiffs, Kevin W. Lou (“Lou”), JiDong Lou and Beilin Chin brought this action against the defendant Otis Elevator Co. (“Otis”) for damages Lou sustained while riding an escalator allegedly designed by Otis and manufactured by China Tianjin Otis Elevator Company, Ltd. (“CTOEC”), a joint venture between Otis and a Chinese escalator company. The matter is before the Court on Otis’ motion for summary judgment based on its contentions that any liability accrues only against CTOEC, that no evidence on the record can support a finding that the escalator was defective in design or operation, and lastly that the record contains no evidence from which a trier of fact may reasonably conclude that any alleged design defect caused Lou’s injuries. For the reasons detailed below, Otis’ motion for summary judgment is ALLOWED.
BACKGROUND
Like many American businesses, Otis felt the lure of overseas markets and particularly the untapped potential of markets in the People’s Republic of China. The Chinese government required overseas concerns wishing to do business in China to join with an indigenous company. Therefore, in 1984 Otis joined with a Chinese firm to form CTOEC. From the beginning CTOEC and Otis were parties to agreements whereby Otis provided technical and managerial assistance to CTOEC. In keeping with those agreements, Otis supplied CTOEC with the design of the escalator in question as well as quality control standards for its manufacture. There is evidence on the record that some of this assistance to CTOEC came from other companies affiliated, although some only tangentially, with Otis.
One of the escalators created under the terms of these agreements was installed in the Changzhou Tianyuan Department Store in Changzhou, China. It is undisputed that the escalator bore a plaque with the name “Otis” on it. On October 18, 1998, Lou, a four-year-old boy from Worcester, MA, was in Changzhou visiting relatives with his family. Although the exact nature of Lou’s injuries remains unclear, it is undisputed that, while riding the escalator Lou’s hand was severely injured when it became entrapped in the escalator.
Lou brought suit against Otis in this court alleging that Otis (1) placed a defective product into the stream of commerce, (2) breached the warranties on that product, (3) failed to warn riders of hidden risks, (4) breached its duty of care to Lou and (5) violated the consumer protection laws, G.L.c. 93Á. In addition, Lou’s parents brought claims for a loss of consortium.[1]
Otis responded with a variety of reasons why it was not liable for any of Lou’s damages. It attempted to distance itself from CTOEC and other companies that have lesser or greater ties to Otis. Otis asserted that the action is properly limited to China both jurisdictionally and for choice of law reasons. It further contended that the escalator did not have any design defects and it was not obligated to pursue safer alternative designs.
DISCUSSION
“Summary judgment is granted where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law. Ng Brothers Construction, Inc. v. Cranney, 436 Mass. 638, 643-44 (2002). The moving party bears the burden of affirmatively demonstrating that there are no triable issues of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Even in cases where factual disputes exist, summary judgment is ’’still available if the party with the burden of proof at trial fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a funding in its favor." Ng Brothers Construction. Inc., 436 Mass. at 644, citing White v. University of Mass. at Boston, 410 Mass. 553, 557 (1991). Under those circumstances, a trial would not serve any useful purpose and summary judgment may enter. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 715 (1991).
This case has many fascinating elements containing as it does questions of the interplay of international laws and the responsibilities of a large corporation as *650 it works through a myriad of affiliates with which it has lesser and greater degrees of connection. Lou has been ingenious and resourceful in developing theories under which Otis could be found liable and supporting those theories with facts. Otis has been equally adept at explaining why the connections Lou has forged are too weak to shade Otis within the penumbra of liability. However, tempting as it may be to consider the binding nature of the representations on Otis’ website and the advisability of adopting the “apparent manufacturers doctrine” in Massachusetts, the Court does not reach those issues because as Gertrude Stein once opined of Oakland, “there is no there, there” as far as this case is concerned.
Examining the legal theories under which Lou seeks to recover, all but the 93A claim require that the alleged defect, whether in design, manufacture, or operation legally caused the plaintiffs injuries. In this case, even granting that Lou is correct that Otis is either directly liable or liable under an alter-ego theory, even granting that the design was defective and resulted in a gap between the moving portions and stationary sides of the escalator, even granting that the gap was bigger than it should have been, granting even that a safer alternative design existed that Otis should have installed, there remains, on the record of this case, no evidence that any of these potential infirmities was a legal cause of Lou’s injury.
It is as if so much effort and attention went into proving and disproving the Otis/CTOEC ties that no focus could be spared to look at either Lou or the escalator. What information there is on these subjects pertains to the escalator alone, and is murky at best. Apparently, the escalator had suffered some operational and perhaps mechanical problems in the past, although none of this was connected to Lou’s injuiy. The escalator was also examined after the accident and 4 millimeter gaps were found on either side of the moving treads. While these gaps may have rendered the escalator “out of spec,” there is no evidence before the Court that Lou’s hand was inserted into one of these gaps, or that the gap was sufficiently large that Lou could so insert a hand, that the particular design defect in question was legally causative of the injury, or that so-called “side guards,” whether or not installed, would have protected Lou from his injury. Without this causal link in the chain of liability, Lou fails to produce evidence that will support an essential element of his claim. Kourouvacilis, therefore, mandates summary judgment.
ORDER
For the foregoing reasons, defendant Otis Elevator Company’s motion for summary judgment is ALLOWED.

 Parties agree that the 93A claim should be dismissed due to Lou’s failure to make a demand in accordance with the statute. As the consortium claims are entirely derivative, the Court need not address them unless any one of Lou’s other claims survive this motion.