Murphy, J.
The plaintiff Hingham Mutual Fire Insurance Company (“Hingham Mutual”) brought this action against the defendants seeking to rescind the umbrella policy it issued to David and Melanie Mercurio (the “Mercurios”). The matter is before the Court on Hingham Mutual’s motion for summary judgment based on its contention that the Mercurios’ material misrepresentations on their policy application entitle it to rescind the contract as a matter of law. For the reasons detailed below, Hingham Mutual’s motion for summary judgment is DENIED.
BACKGROUND
At all times relevant to this action, the Mercurios lived in West Boylston, MA with their daughter Talia and their son Daniel. The Mercurios purchased their homeowners and automobile insurance through the West Boylston Insurance Agency, Inc. (“WBI”). In addition to their primary coverages, the Mercurios had a $1,000,000 umbrella policy with Hingham Mutual that they also purchased through WBI.
In November 2000, the Mercurios renewed their policies securing coverage through January 9, 2002. David Mercurio handled the details of this transaction with Aaron Goodale (“Goodale”), a WBI representative. There is evidence on the record that Goodale actually filled out the policy application which David Mercurio later signed. The only other portion of the policy application in David Mercurio’s handwriting is the information on Talia Mercurio as a household member under 18 years of age. Daniel Mercurio was not listed on the application even though he also lived at home and was under 18. The Mercurios contend that Daniel was not listed on the application as a result of the discussions with Goodale.
On July 29, 2001 Daniel Mercurio was operating a vehicle belonging to Mary Gustafson when he was involved in an auto accident. The accident took the life of Lillian Prudhomme who was insured for underinsured motorist benefits through an umbrella policy issued by the Andover Companies (“Andover”). In addition to the primary insurance, claims were made against the Mercurios’ umbrella policy with Hingham Mutual. Hingham Mutual then brought the instant action claiming that the failure to list Daniel Mercurio on the policy application amounted to a material misrepresentation sufficient to allow Hingham Mutual to rescind the policy.
Andover intervened in the matter based on the fact that a recission of the Mercurios’ Hingham Mutual policy would put them next in line to pay claims brought by Lillian Prudhomme’s estate. Andover contends that WBI was Hingham Mutual’s agent in securing the Mercurios’ business and thus Hingham Mutual would be bound by Goodale’s representations to the Mercurios. Andover claims that David Mercurio spoke with Goodale about his family circumstances and took Goodale’s advice when he did not list his son on the policy application. Additionally, since Goodale was working for Hingham Mutual’s benefit, as opposed to representing the Mercurios, there was no misrepresentation because David Mercurio disclosed accurate information to Hingham Mutual.
DISCUSSION
“Summary judgment is granted where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law. Ng Brothers Construction, Inc. v. Cranney, 436 Mass. 638, 643-44 (2002). The moving party bears the burden of affirmatively demonstrating that there are no triable issues of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Even in cases where factual disputes exist, summary judgment is ’’still available if the party with the burden of proof at trial fails to present in the summary judgment record, taking everything it says as true and *674 drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor." Ng Brothers Construction, Inc, 436 Mass. at 644, citing White v. University of Mass. at Boston, 410 Mass. 553, 557 (1991). Under those circumstances, a trial would not serve any useful purpose and summary judgment may enter. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 715 (1991).
There is no question that Massachusetts law recognizes a distinction between insurance agents and insurance brokers. An agent is someone who “solicits on behalf of any company or transmits ... an application for or a policy of insurance ... or offers or assumes to act in the negotiation of any such policy ... or its continuance or renewal.” G.L.c. 175, §162. A broker on the other hand is defined as someone who does not act for a company but nevertheless “aids in any manner in negotiating policies of insurance ... or placing risks or effecting insurance, or in negotiating the continuance or renewal of such policies.” G.L.c. 175, §162. Thus, while insurance agents represent companies, an insurance broker is usually considered the insured’s agent. Hudson v. Massachusetts Property Insurance Underwriting Association, 386 Mass. 450, 455 (1982). The evidence here is that Hingham Mutual and WBI have an effective agency agreement pursuant to G.L.c. 175, §163 on file with the Commonwealth. Traditional notions of agency law provide that agents acting within the scope of their agency can bind their principles even when such an agent makes mistakes or violates the law. See New England Acceptance Corp. v. American Manufacturers Mutual Ins. Co., 4 Mass.App.Ct. 172, 177-78 (1976).
.However, merely being an agent for some purpose does not make one an agent for all purposes. Hingham Mutual contends that WBI’s agency was limited to issuing policies and collecting premiums. It asserts that it retained the right to seek recission of the policies that WBI issued on its behalf.
The state of the record before the Court suggests that questions remain as to whether Goodale was acting within the scope of his authority when he and David Mercurio discussed the policy renewal and whether the agency agreement limits Hingham Mutual’s ability to seek recission. Additionally, there are disputes concerning the content of the Goodale/Mercurio conversation and whether Goodale made representations upon which the Mercurios could reasonably rely that there would be no effect on the policy’s validity if Daniel Mercurio were left off the application. Finally, there is a question of whether the failure to list Daniel was truly a material misrepresentation. Ordinarily, material representations are any that effect premium costs. In this case, however, the increased cost incident to listing Daniel on the umbrella coverage is estimated at $25. Whether this is so great a premium increase that it would tempt the Mercurios to jeopardize $1,000,000 in insurance coverage remains another disputed issue of material fact.
The Court recognizes that the course of discovery in this case to date has not anticipated the issues Andover raises in its opposition to Hingham Mutual’s summary judgment motion. It is possible that further discovery geared specifically to those issues will illuminate some of the disputes over material facts that remain in this matter. Therefore, while the Court will deny summary judgment based on the presence of disputed issues of material fact, it does so without prejudice.
ORDER
For the foregoing reasons, plaintiff Hingham Mutual Fire Insurance Company’s motion for summary judgment is DENIED without prejudice.