Page, J.
The plaintiffs, Hilco Receivables, LLC (“Hilco”), commenced this action against Pete’s Cycle and Sled, LLC, and Peter Collins individually, (collectively, “defendants”). The complaint appears to assert a demand for monies owed. Hilco now moves for summary judgment. The defendants have cross-moved for summary judgment on the complaint. For the reasons set forth below, Hilco’s motion for summary judgment is ALLOWED.
BACKGROUND
The record reveals that on or about July 17, 2001, Cannondale Corporation (“Cannondale”) entered into a dealership Agreement with the defendants. Pursuant to the Agreement, the defendants became an authorized dealer of Cannondale Motorcycles. Peter Collins, as owner, executed a personal guaranty binding him to pay for motorcycles, parts, equipment and miscellaneous accessories shipped to the defendants by Cannondale. At some point during the Agreement period the defendants failed to pay for motorcycles and accessories received from Cannondale. According to Hilco, Cannondale is owed $25,385.32 for that merchandise. In January of 2003, Cannondale filed for Chapter 11 Bankruptcy. The sale of assets was conducted pursuant to an auction under Section 363 of the United States Bankruptcy Code. Through this process Cannondale’s assets were sold. Several of the account receivables were sold to Hilco.
DISCUSSION
I. Summary Judgment Standard
The court grants summary judgment when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Ng. Brothers Construction, Inc. v. Cranney, 436 Mass. 638, 643-44 (2002); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The moving party bears the burden of affirmatively demonstrating that there is no triable issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). In making the determination as to whether a genuine issues of material fact exists, the court must consider the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits. McGuinness v. Cotter, 412 Mass. 617, 620 (1992), citing Mass.R.Civ.P. 56(c). The court must consider the evidence with an indulgence in the opposing party’s favor. Id. However, to avoid summary judgment, the party opposing the motion is required to advance sufficient and explicit facts detailing the existence of a material issue warranting a trial on the merits. Commonwealth v. Colonial Motors Sales, Inc., 11 Mass.App.Ct. 800, 804-07 (1981). Mere allegations of the existence of material issues of fact are insufficient. See Godbout v. Cousens, 396 Mass. 254, 261 (1985).
II. The Bankruptcy
Once assets are sold free and clear, the Court can prohibit a creditor from asserting a claim or off-setting a claim. See Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV et al., 209 F.3d 252 (3rd Cir. 2000). In this case the Bankruptcy Court order pro- *395 Added that the assets of Cannondale would be sold free and clear of all liens, claims, interests and encumbrances other than those specifically set aside by the Court. Bankr. Conn. Bridgeport Div., Case No. 03-50017. The defendants argue that regardless of the bankruptcy, they have a right to enforce the Agreement. Specifically, defendants contend that a set-off is preserved under the Bankruptcy Code. If a claim has not been made to the Bankruptcy Court, the claim must be categorized as either a set-off or a recoupment. Id. at 260-61. A set-off must be taken pre-petition in order to survive. Folger, 209 F.3d at 254. There is nothing in the record to suggest that the defendants ever set off this debt Avith Cannondale pre-petition. The defendants only make mere allegations that they have a right to a set-off, Avithout illustrating the existence of specific facts.
A recoupment is generally not barred. Holyoke Nursing Home, Inc. v. Health Care Financing Adminstration, No. 03-1933, 2004 WL 124476, at*1 (1st Cir. June 8, 2004). A recoupment is distinct from an off-set because the creditor’s claim against the debtor arises from the same transaction as the debtor’s claim.[2] Id. at 2. Historically, a recoupment has been exception to an automatic stay. This is because since the debt arises out of a mutual obligation if it were subject to an automatic stay, the debtor would benefit by filing the bankruptcy. Id. In this case, this is not a recoupment because the only remaining obligation is for the defendants to pay Cannondale. See id. Cannondale owes no debt to the defendants. Further, Cannondale did not benefit from the bankruptcy as they had previously supplied the motorcycles and were not paid. Consequently, the claims alleged by the defendants did not survive the reorganization.
Even assuming arguendo that the defendants do have either a set-off or a recoupment, they are not creditors as they have no legal right to payment.[3] The Agreement is clear and unambiguous and should be given its plain and ordinary meaning. Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 281 (1997). First, the defendants allege that Cannondale failed to properly terminate the Agreement. The defendants cite Article 9 in the Agreement which speaks to termination. Article 9 does not refer to what kind of notice is necessary in a situation in which Cannondale files bankruptcy. Since there is no requirement of notice, Cannondale cannot be held to have violated that Article.[4] Second, the defendants contend that Cannondale breached the contract by filing for bankruptcy. Pursuant to the Bankruptcy Code if an executory contract is breached by filing bankruptcy, the party who has not filed for bankruptcy has the right to file a claim Avith the Bankruptcy Court. 11 U.S.C. §365 n.10. An executory contract is a contract in which no performance has occurred. Id. In this case Cannondale has performed by providing the motorcycles and accessories. Therefore, since the contract is not executory, by filing for bankruptcy Cannondale did not breach the contract. Lastly, the defendants argue that they were damaged when Cannondale discontinued the line. However, pursuant to Article 2.12 of the Agreement, Cannondale retained the right to discontinue the line and is not responsible for damages to the defendants. Therefore, the defendants are not creditors Avithin the meaning of the Bankruptcy Code as they have no right to legal payment.
ORDER
For the foregoing reasons, it is hereby ORDERED Hilco’s Motion for Summary Judgment, is ALLOWED and defendants’ Cross Motion for Summary Judgment is DENIED.

For an example of the distinction, See Holyoke Nursing Home, Inc. v. Health Care Financing Administration, No. 03-1933, 2004 WL 124476, at *2 (1st Cir. June 8, 2004).

A “creditor” in bankruptcy is anyone who has a “claim” against the bankrupt estate that arose no later than the filing of the petition. Fogel v. Zell 221 F.3d 955, 960 (7th Cir. 2000). A claim is defined to include equitable and legal rights to payment.

The defendants argue that though Article 9 does not speak specifically to Cannondale, but only to the Dealer that this court should impugn the notice requirement onto Cannondale. There is nothing in the Agreement that would require this court to do that.