Lemire, James R., J.
Plaintiff Robert Stetson (“Stetson”) brought this suit against the defendants, the Town of Ashland, the Ashland Police Department, Roy Melnick (“Melnick”), in his capacity as Chief of Police, and Dexter Blois, in his capacity as Town Manager. The complaint alleges thirteen counts.[2] On January 28, 2008, this court (Lemire, J.) granted the defendants’ motion for summary judgment on all claims except the alleged civil rights violation by Melnick [23 Mass. L. Rptr. 471).
Melnick now moves for reconsideration, arguing that Stetson sued him only in his official capacity as Chief of Police and that Stetson’s civil rights claim is barred by governmental immunity. Stetson does not deny that governmental capacity would apply if Melnick were being sued only in his professional capacity, but argues that he sued Melnick both individually and as Chief of Police. Based on the following, the motion for reconsideration and motion for summary judgment are ALLOWED.

DISCUSSION

I. Motion for Reconsideration

A court retains the authority to revisit a prior decision until the final adjudication of the case. Commonwealth v. Gross, 447 Mass. 691, 693 (2006). “Even without rehearing, a judge may modify a decision already announced, so long as the case has not passed beyond the power of the court.” Riley v. Presnell, 409 Mass. 239, 242 (1991), quoting Peterson v. Hopson, 306 Mass. 597, 601 (1940). Because the denial of a motion for summary judgment is not a final decision, the court may choose to reconsider. Id. Additionally, “it is well settled that a judge has discretion to consider a new motion for summary judgment at any time prior to trial.” Eastern Prods. Corp. v. Continental Cas. Co 58 Mass.App.Ct. 16, 27 n.18 (2003), citing King v. Globe Newspaper Co., 400 Mass. 705, 707-08 (1987).
Judicial economy is one of the factors to consider when ruling on a motion for reconsideration. See Mass.R.Super.Ct. 9D; Mass.R.Civ.P. 60(b)(6) (a court may reconsider an order for “any.. . reason justifying relief’). If there are no material facts in dispute, there is no reason for the parties to incur the expense of litigation. If the court were to refuse the motion for reconsideration, Melnick would have the option of filing a new motion for summary judgment prior to trial. Eastern Prods. Corp., 58 Mass.App.Ct. at 27 n.18, citing King, 400 Mass. at 707-08. Reconsidering the motion now helps preserve judicial resources. Therefore, the motion for reconsideration must be allowed.

II. Motion for Summary Judgment A. Standard of Review

Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Commissioner of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles him to judgment as a matter of law. Ng Bros. Constr., Inc. v. Craney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’.. . that there is an absence of evidence to support the non-moving party’s case”).
*428 In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Community Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644, citing White v. University of Mass. at Boston, 410 Mass. 553, 557 (1991) (where facts are disputed, “summary judgment is still available if the party with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”).

B. Violation of the Massachusetts Civil Rights Act

The Massachusetts Civil Rights Act (MCRA) provides that “any person whose exercise or enjoyment of rights secured by the Constitution or Laws of the United States or of rights secured by the Constitution or Laws of the Commonwealth have been interfered with” has a claim for damages. G.L.c. 12, §111. The MCRA does not extend to claims against a municipality. Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 592-93 (2001). A state’s sovereign immunity extends to an employee acting in his official capacity. Id., quoting O'Malley v. Sheriff of Worcester, 415 Mass. 132, 141 n.13 (1993) (“[T]o avoid a State’s sovereign immunity to a damages suit, a plaintiff must sue the State official in his individual and not his official capacity” (alteration in original)). See also Ahmad v. Department of Corr., 446 Mass. 479, 484-85 (2006) (immunity for discretionary duties).
Melnick argues that Stetson sued him in his official capacity and, therefore, Stetson’s claim under the MCRA is barred by governmental immunity. See Howcroft, 51 Mass.App.Ct. at 592-93. Stetson claims that he is suing Melnick individually. Where it is unclear whether a government official is being sued in his individual or official capacity, courts typically look to “(t]he course of proceedings.” Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985), citing Brandon v. Holt, 469 U.S. 464, 469 (1985). A complaint that is “void of any reference to [the defendant] other than in his official capacity” tends to indicate that defendant was sued in his official capacity. O'Malley, 415 Mass. at 141.
There is no “formalistic ‘bright-line’ test requiring a plaintiff to use specific words in his or her complaint in order to pursue a particular defendant in a particular capacity.” Powell v. Alexander, 391 F.3d 1, 22 (1st Cir. 2004). However, plaintiffs should avoid “the filing of complaints which do not clearly specify that a defendant is sued in an individual capacity.” Id. Several factors are relevant when reviewing the course of proceedings. Compare O'Malley, 415 Mass. at 141 (complaint only referred to defendant in his official capacity), with Powell, 391 F.3d at 23 (complaint included request for punitive damages, which are only available against government officials sued individually; answer raised defense of qualified immunity, which carries implied recognition that defendant was sued personally).
In the complaint, Stetson specifically identified Melnick as being sued “in his capacity as Chief of Police.” Paragraph four of the complaint states “Roy Melnick ... is the Chief of Police for the Town of Ashland Police Department, having a usual place of business located at 137 Main Street, Ashland, Middle-sex County, Massachusetts.” The complaint makes no reference to Melnick as an individual. Instead, the conduct complained of involves actions taken during the performance of Melnick’s official duties as Chief of Police: suspending Stetson from his job without pay and recommending that Stetson be terminated.
In this case, it is clear that Stetson intended to sue Melnick only in his professional capaciiy. Stetson did not assert that he intended to sue Melnick individually until he filed his opposition to Melnick’s motion for summary judgment. Stetson did not request punitive damages for the alleged civil rights violation, and Melnick did not assert qualified immunity as a defense in his answer.[3] Cf. Powell, 391 Mass. at 23. Most tellingly, Melnick filed a motion to strike any reference to Melnick as an individual in Stetson’s opposition to the motion for summary judgment. Stetson assented to this motion, admitting that all references to Melnick individually were “merely oversights in drafting the opposition.” This assent indicates that Stetson did not intend, at that time, to pursue Melnick individually. From all of this evidence, it is clear that Stetson intended to pursue Melnick solely in his official capacity.
Because Stetson sued Melnick professionally, Melnick is entitled to governmental immunity. See O'Malley, 415 Mass. at 141 n.13. Therefore, Stetson is unable to recover for his MCRA claim.

CONCLUSION

Based on the foregoing, it is hereby ORDERED that the defendant’s motion for reconsideration be ALLOWED, and that the defendant’s motion for summary judgment be ALLOWED as to Count II.

The full background of this case can be found in this court’s Memorandum of Decision and Order On Defendant’s Motions for Summary Judgment, dated January 29, 2008 [23 Mass. L. Rptr. 471).

It is, however, worth noting that Melnick is the only defendant represented by his own counsel. Additionally, Melnick later asserted qualified immunity as grounds for summary j udgment.