Agnes, Peter W., J.
1. Introduction
This is a products liability case in which the plaintiff, Ariel Dominguez, was injured while cleaning a centrifuge machine during his employment at a manufacturing facility owned and operated by Ruland Manufacturing Co. (“Ruland”). Plaintiffs Amended Complaint 6-8. The centrifuge machine was manufactured by Barrett Centrifugals, Inc. (“Barrett”), and was sold to Ruland Manufacturing Co., Inc. (“Ruland”) by C&A Machinery, Inc. (“C&A’j. Plaintiffs Amended Complaint 10-12. In addition to filing actions against Ruland, Barrett, and C&A, the plaintiff has also filed action against Kinefac Corporation (“Kinefac”) who had purchased all of Barrett’s assets prior to the plaintiffs accident. Plaintiffs Amended Complaint 10-12, Deposition of Ayres pgs. 42-43. Kinefac is moving for summaiy judgment on the basis that when it purchased Barrett’s assets it did not become liable for Barrett’s products under the law of successor liability. Defendant Kinefac’s Memorandum In Supplement To Its Motion To Dismiss, pg. 2.
2. Standard of Review
The moving party is entitled to judgment as a matter of law if it can prove that there are no genuine disputes of material fact. Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). The Court will view the facts in the record in a light most favorable to the nonmoving parties, and any reasonable inferences will be drawn in their favor. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002); Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001).
*87 3. Discussion
Generally, liability is not imposed on a successor corporation which purchases the assets of a selling predecessor corporation unless any one of the following four factors apply: “(1) the successor expressly or impliedly assumes liability of the predecessor, (2) the transaction is a de facto merger or consolidation, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor.” Guzman v. MRM/Elgin, 409 Mass. 563, 566 (1991). The central dispute in this case for purposes of the defendant’s motion for summary judgment is whether the transaction between Kinefac and Barrett was a de facto merger.
4.
The Supreme Judicial Court has enunciated four factors to be considered in determining whether there has been a de facto merger which are as follows: (1) whether there is a continuation of the enterprise of the seller corporation so that there is continuity of management, personnel, physical location, assets, and general business operations; (2) whether there is a continuity of shareholders which results from the purchasing corporation paying for the acquired assets with shares of its own stock, this stock ultimately coming to be held by the shareholders of the seller corporation so that they become a constituent part of the purchasing corporation; (3) whether the seller corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible; and (4) whether the purchasing corporation assumes those obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation." Cargill Inc. v. Beaver Coal & Oil Co., 424 Mass. 356, 362 (1997). In order to establish a de facto merger, however, no single factor is necessary or sufficient. Id.
5.
Kinefac relies on two factual assertions in concluding that the plaintiff cannot satisfy any of the Cargill factors that would impose successor liability under the de facto merger theory. Kinefac’s Memorandum In Supplement To Its Motion To Dismiss, Pg. 6. First, it relies on the fact that the two Barrett employees that continued working for Kinefac were not corporate directors or stockholders. Second, it points to a statement in a deposition which infers that Barrett ceased business operations because of an interest in getting out of the business, and not because it was entering into a merger. Kinefac’s Memorandum In Supplement To Its Motion To Dismiss, Pg. 6; Deposition of Howard A. Greis, Founder and then President of Kinefac, pg. 34: 22-24 through Pg. 35: 1-23. With reference to Kinefac’s first assertion regarding Barrett’s two employees who continued working for Kinefac, the fact that these employees were not corporate directors or stockholders does not preclude a finding that the first Cargill factor was satisfied. As the plaintiffs opposition points out, one of the employees was a sales manager at Barrett and became a sales manager in the Barrett Division of Kinefac after the acquisition. Plaintiffs Opposition, pg. 5. The other Barrett employee that continued to be employed by Kinefac was Barrett’s only product designer. Id. It is reasonable to conclude that by the continuation of these two Barrett employees there was a continuation of management, personnel, and general business operations. Furthermore, Kinefac acquired all of Barrett’s assets and has continued Barrett’s product line of centrifugal machines, which supports the continuation of assets and business operations. Kinefac’s Memorandum In Supplement To Its Motion To Dismiss, pg 2; Kinefac Deposition of Kinefac Corporation, pgs. 41, 43. Thus, there are clearly disputed facts about whether the first Cargill factor has been met.
6.
In examining Kinefac’s second factual assertion, Kinefac admits that Barrett ceased all business operations after the sale to Kinefac, but states that Barrett’s owner’s intent in doing this was just to get out of the business and not to merge the two corporations. Kinefac’s Memorandum In Supplement To Its Motion To Dismiss, Pg. 6; Deposition of Howard A. Greis, Founder and then President of Kinefac, pg. 34: 22-24 through Pg. 35: 1 -23. Although the intent of the owner of the seller corporation is not one of the factors to be considered according to Cargill, a factor that should be considered is whether “the seller corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible.” Cargill 424 Mass. at 362. Kinefac readily admits that Barrett liquidated all its assets by selling them to Kinefac, and that Barrett ceased all business operations after the sale to Kinefac. Kinefac’s Memorandum In Supplement To Its Motion To Dismiss, Pg. 2, 6. In addition, on May 27, 2005, Barrett filed an article of voluntary dissolution with the Commonwealth of Massachusetts Secretary of State. Plaintiff Opposition, Exhibit K. Barrett Centrifugals, Inc., therefore, no longer exists as a corporate entity. Again, there are disputed facts as to whether another Cargill factor has been met.
7.
The plaintiffs opposition goes on to examine the last Cargill factor, whether “the purchasing corporation assumes those obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation.” Cargill, 424 Mass, at 362. Shortly after the acquisition on September 1, 2004, Barrett sent a letter to its customers notifying them that it was “joining forces” with Kinefac, referred to a “union” with Kinefac, and stated that “Barrett will become a division of Kinefac.” Plaintiff Opposition, pg. 6; Plaintiff Exhibit F. The current Barrett website identifies Barrett as a division *88 of Kinefac (www.barrettinc.com.). Kinefac also authorizes and pays for the maintenance of this website which continues to use the Barrett name and logo. Plaintiff Opposition Pg. 8; Deposition of Roger R. Bradford, vice president, treasurer and secretary of Kinefac, pg. 32. Furthermore, Roger R. Bradford also testified that Kinefac was obligated to honor warranties as to existing Barrett centrifuge machines. Deposition of Roger R. Bradford, pg. 98. These allegations brought forth by the plaintiff could certainly lead one to believe that Kinefac assumed the obligations of Barrett ordinarily necessary for the uninterrupted continuation of normal business operations of Barrett, and yet another Cargill factor could be met.
8.
In summary, only one of the four factors outlined in Guzman must be met in order for successor liability to be imposed on a corporation. The opposing parties have shown that there are several material facts in dispute as to whether the transaction between Kinefac and Barrett was a de facto merger by presenting the possibility that Kinefac has met three of the four Cargill factors determinative of the existence of a de facto merger. Kinefac’s motion for summary judgment is denied.
ORDER
For the above reasons, the defendant Kinefac’s motion for summary judgment is DENIED.