NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1098

EDWARD G. WRIGHT

vs.

STEVEN SILVA[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Edward G. Wright, appeals from the grant of summary judgment for the defendants, employees of the Department of Correction (DOC) and DOC itself.  The plaintiff is an inmate in the lawful custody of DOC who was previously housed at the Souza Baranowski Correctional Center (SBCC).  The plaintiff authored a manuscript that SBCC correction officers confiscated from the incoming mail and designated as contraband.  The plaintiff filed this action alleging that the confiscation violated his rights under the First and Fourteenth Amendments to

---

[1] Individually and in his capacity as superintendent of the Souza Baranowski Correctional Center.

[2] Christopher Phelps, individually and in his capacity as the director of operations and acting superintendent of the Souza Baranowski Correctional Center; Thomas Lynch; and the Department of Correction.

the United States Constitution and seeking relief under 42 U.S.C. § 1983. The motion judge concluded that the defendants misapplied DOC's regulations but that no actionable constitutional violation occurred. On appeal, the plaintiff claims summary judgment was improper for a range of reasons. We affirm.

Discussion. We review the allowance of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party, here the plaintiff. See Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680 (2016). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).

In January 2019, the plaintiff's wife mailed the almost two hundred-page manuscript to the plaintiff at SBCC. Correction officers had previously given the manuscript directly to the plaintiff when it arrived by mail. The mailroom officer and acting superintendent confiscated it on this occasion, determining the document was a contraband "publication" under DOC's inmate mail regulation, 103 Code Mass Regs. § 481.00 (2017).[3] The SBCC officers allowed the plaintiff to receive the

_____

[3] The plaintiff appealed internally and filed a grievance relative to the contraband classification. When those were denied, the plaintiff notified SBCC of this lawsuit and the superintendent agreed to preserve the manuscript.

2

document in batches of five pages per day. After the plaintiff commenced this action, the parties filed cross motions for summary judgment. The motion judge concluded that the seizure of the manuscript was "a regulatory misstep," but was not, "without more, a constitutional tort actionable under 42 U.S.C. § 1983."[4] The judge ordered the defendants to provide the full manuscript to the plaintiff.

The plaintiff claims on appeal that the motion judge erred in determining that no actionable violation of a constitutional right occurred. To maintain a § 1983 claim, the plaintiff would be required to prove that the defendants deprived him of a Federal constitutional or statutory right while acting under color of State law. See Gutierrez v. Massachusetts Bay Transp. Auth., 437 Mass. 396, 401 (2002). At the summary judgment stage, DOC could prevail either by providing "evidence negating an essential element of the plaintiff's case [or] by demonstrating that proof of that element is unlikely to be forthcoming at trial." Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). It was undisputed that the defendants acted under color of State law, but the motion judge determined that the evidence did not demonstrate a deprivation

---

[4] The plaintiff also sought injunctive relief and a declaratory judgment that his manuscript was not a publication subject to confiscation under the inmate mail policy.

3

of a Federal constitutional or statutory right, an essential element of a § 1983 claim.  We agree.

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  Champagne v. Commissioner of Correction, 395 Mass. 382, 386 (1985), quoting Pell v. Procunier, 417 U.S. 817, 822 (1974).  "[E]ven when an institutional restriction infringes a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security."  Champagne, supra at 387, quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979).  "[C]ourts permit prison administrators considerable discretion in the adoption and implementation of prison policies."  Royce v. Commissioner of Correction, 390 Mass. 425, 427 (1983), citing Bell, supra.  In light of this standard, a policy of confiscating inmate mail does not offend the First or Fourteenth Amendments if it is "reasonably related to legitimate penological interests" (citation omitted).  Commonwealth v. Jessup, 471 Mass. 121, 130-131 (2015).

In 2019, DOC's inmate mail regulation defined a publication as "[a]ny book, booklet, pamphlet, magazine, periodical, newsletter, newspaper, or similar document, including stationary

4

and greeting cards, published by any individual, organization, company, or corporation which is distributed or made available through any means or media for a commercial purpose." 103 Code Mass. Regs. § 481.05 (2017) (definitions). The regulation allowed inmates to receive extracts from publications of up to five pages per day. See id. Here, the acting superintendent explained that officers confiscated the manuscript because it appeared to be a publication subject to the regulation. As the motion judge noted, the manuscript had some features of a published work. However, it was a word-processed document with a title page identifying the plaintiff as its author, and the judge saw no evidence that the document had been distributed for a commercial purpose. The judge therefore properly concluded that DOC erroneously applied the regulation to the manuscript. Compare Gaskins v. Silva, 101 Mass. App. Ct. 555, 558 (2022) (DOC's treatment of all printed materials as publications inconsistent with regulation's plain language).

The erroneous decision, however, did not amount to a constitutional violation. See Richardson v. Sheriff of Middlesex County, 407 Mass. 455, 460 (1990) ("mere failure to conform to State minimum standards does not per se establish a constitutional violation" [citation omitted]); Miga v. Holyoke, 398 Mass. 343, 349-350 (1986) ("Mere negligent or inadvertent failure" does not qualify as constitutional violation). On this

5

basis, the motion judge properly discerned that confiscating the manuscript "visited only an incidental (rather than intended) effect on the [p]laintiff's First Amendment freedoms," and "[t]hat incidental effect cannot be equated with instances, cognizable under Section 1983, in which [S]tate actors purposefully interfere with an inmate's free speech rights."

The plaintiff's claim that the individual defendants acted purposefully by ignoring the inmate mail regulation is also unpersuasive.  This claim relies on allegations that the defendants' actions went against their training and undermined the purpose of the regulation.[5]  The summary judgment record did not support these allegations:  it indicated that the defendants mistakenly applied, rather than intentionally misapplied, the regulation.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986) (merely "colorable" evidence not sufficient to satisfy burden at summary judgment); Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002) (plaintiff has burden "to

_____

[5] The plaintiff's claim that the judge ignored content-based censorship is also without merit.  In response to the plaintiff's interrogatory, the acting superintendent indicated that "DOC had concerns regarding the content of the material because of violent references."  In denying the plaintiff's appeal, however, the acting superintendent relied solely on the perceived violation of the inmate mail policy.  The defendants have consistently provided the same reason.  We therefore agree with the motion judge that as a matter of law the single reference to the manuscript's content did not rise to the level of a constitutional violation.

present in the summary judgment record . . . sufficient facts to warrant a finding in its favor").[6]

Judgment affirmed.

By the Court (Meade,
Wolohojian & Walsh, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  May 8, 2023.

---

[6] The plaintiff also challenges the denial of his motion to strike one of the defendants' affidavits, wherein the plaintiff alleged that the affiant knowingly made false statements by inaccurately summarizing DOC's regulations.  The motion judge concluded that the plaintiff mischaracterized the summaries as interpretations of the regulations.  We agree, therefore we find no abuse of discretion.  See N.E. Physical Therapy Plus, Inc. v. Liberty Mut. Ins. Co., 466 Mass. 358, 363 (2013).  To the extent that we have not addressed the plaintiff's other contentions, they "have not been overlooked.  We find nothing in them that requires discussion" given the forgoing conclusions. Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[7] The panelists are listed in order of seniority.