Haggerty, J.
Plaintiff Ezenia! Inc. (“Ezenia”) filed a breach of contract claim against the defendant Data-craft Mexico (“Datacraft”) and an unfair and deceptive trade practices claim against Datacraft and three individually-named defendants based on incidents arising out of the sale of equipment to Datacraft. This matter is before the Court on the defendants’ motion for summary judgment on Count II of the Amended Complaint pursuant to Mass.R.Civ.P. 56 and the individually-named defendants’ motion to dismiss for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12. For the reasons discussed below, the defendants’ motion for summary judgment on Count II of the Amended Complaint is ALLOWED. Because the summary judgment motion is granted, the court does not reach the merits of defendants’ motion to dismiss. There is no need for further discovery on the issue of personal jurisdiction. Judgment shall enter for the defendants on Count II.
Background
The following are the relevant undisputed facts and the disputed facts in the light most favorable to the plaintiff. Datacraft is a corporation organized under the laws of Mexico with its principal place of business in Mexico. The defendants Cater, Plaza and Martinez are residents and domiciliarles of the country of Mexico. Cater and Plaza are employees of Datacraft and all three of the individually-named defendants were involved to some extent in the business dealings of Datacraft with Ezenia. The plaintiff, Ezenia, is a corporation organized under the laws of Delaware with its principal place of business in Burlington, Massachusetts. Ezenia manufactures and sells hardware and software products in connection with videoconferencing and networking services.
*542 Datacraft purchased equipment from Ezenia on October 29, 2002. Datacraft intended to use this equipment to fulfill a contract it had with the Mexican government. On November 27, 2002 Ezenia delivered most of the equipment to Datacraft’s forwarding and customs agent in Laredo, Texas. Upon arrival, it was discovered that some of the shipment was damaged. Ezenia fulfilled its shipment requirements on April 9, 2003 by delivering replacements for the defective equipment. Datacraft made payments totaling $160,000 to Ezenia for the equipment. Datacraft’s purchase order and an invoice sent by Ezenia to Datacraft confirming the purchase order were the only contacts with Ezenia that occurred via mail. Any and all communications directed by Datacraft to Ezenia subsequent to the purchase order were made via electronic mail and telephone. Datacraft’s contacts with Ezenia after the purchase order concerned payment for and repair of the goods that arrived damaged.
Ezenia’s claim of unfair and deceptive trade practices arises out of the defendants’ contacts with Ezenia subsequent to the purchase order. More particularly, the plaintiff asserts that Datacraft attempted to leverage Ezenia’s difficult financial circumstances “into a bargaining chip to reduce the amounts properly due . . .” (Pl.’s Second Am. Compl. ¶22.) To support this allegation, the plaintiff submitted an affidavit of Franco Diaz, an employee of Ezenia who helped negotiate the contract between Ezenia and Datacraft and who communicated with Datacraft subsequent to the purchase order. (Diaz Aff. ¶¶2, 13, 14.) In his affidavit Diaz asserts that between the date the payment first became due and the date of the lawsuit, Ezenia exchanged several emails and telephone calls with Data-craft in which Datacraft made representations that it would make payment on the amounts overdue. Ezenia provided copies of three e-mails from Datacraft in which Datacraft employees expressed an interest in paying the debt. (Diaz Aff. Exs. 13-15.) Furthermore, Diaz asserts that Datacraft attempted to coerce Ezenia into discounting the total amount due. (Diaz Aff. ¶14.) To support this allegation, Ezenia cites to an e-mail from defendant Carlos Martinez. Id.; (Defs.’ Mot. for Sum. J. to Dismiss Am. Compl., Ex. 8). In this email, interpreted in a light favorable to the Plaintiff, Martinez suggested that, because Datacraft received some of the equipment late and it was unable to fulfill its obligation to the Mexican government it was therefore financially penalized. He requested that Ezenia grant Datacraft a credit for the amount of money that Datacraft was penalized by the Mexican government. Id. Ezenia disputes that it was responsible for Datacraft’s failure to meet its obligations to the Mexican government and questions whether this penalty ever occurred. (Pl.’s Respond. Statement of Material Facts ¶¶12, 14 & Diaz Aff. ¶14.)
The defendants assert that even if Datacraft and the individual defendants did act in an unfair and deceptive manner, which they deny, a Chapter 93A claim is barred because the transaction did not occur primarily and substantially in Massachusetts. See G.L.c. 93A, §11.[2] The Court agrees with the defendants.
Discussion
Summary judgment shall be granted where there are no issues of genuine material fact. NG Brothers Construction v. Cranney, 436 Mass. 638, 643-44 (2002); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of demonstrating affirmatively the absence of triable issues, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment that does not have the burden of proof at trial is entitled to summary judgment if he demonstrates by material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The defendants have the burden of proving that the transaction did not occur primarily or substantially in Massachusetts. G.L.c. 93A, §11; Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 470 (2003). In Kuwaiti, the Supreme Judicial Court discussed the way in which courts should determine whether the alleged unfair or deceptive acts or transactions occurred primarily or substantially in Massachusetts. 438 Mass, at 472-73. The court rejected an approach that would apply a uniform formula of factors to each case. See Id. Instead, it instructed courts to “determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth.” Id. at 473. In making this determination, courts should not consider the neutral acts of the defendant, but only those that have been alleged unfair or deceptive. Id. at 474.
The defendants have met their burden of proving that the alleged unfair or deceptive acts did not occur primarily and substantially in Massachusetts. There is no dispute as to where the alleged unfair or deceptive communications emanated from. Datacraft corresponded with Ezenia via email and telephone from Mexico. Although the situs of the loss may be relevant in determining where the alleged unfair and deceptive acts took place, it is not necessarily determinative. See Kuwaiti, 438 Mass, at 472 n.13. The center of gravity in this case was Mexico. This is where the defendants spoke on the phone and emailed the plaintiff. Furthermore, whether the defendants’ statements were deceptive turns in large part on what happened in Mexico. The plaintiff refers to emails and telephone calls by the defendants in which they told the plaintiff that they were locating the funds to pay the plaintiff. Whether this statement is actually deceptive depends on what *543 was occurring in Mexico, i.e., whether the defendants were in fact attempting to locate funds to pay the plaintiff. The plaintiff characterizes an email by Martinez as an attempt to coerce the plaintiff into reducing the amount Datacraft owed to Ezenia. Whether this e-mail was unfair or deceptive depends on whether Datacraft was in fact penalized by the Mexican government and whether the time it took to replace the damaged goods prevented it from fulfilling its contract with the Mexican government. The factual dispute as to what actually happened in Mexico is not material to this summary judgment. However, the fact that Mexico is the location to which one would look to resolve the dispute is relevant. These events all occurred, or failed to occur, in Mexico, not Massachusetts.
The Plaintiff relies on Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. 622 (1985), for the proposition that the location where deceptive acts are received is the location in which the acts primarily and substantially occurred. See Bushkin Associates, 393 Mass, at 638 (rejecting a 93A claim because “the alleged unfair or deceptive acts . . . were statements made in Massachusetts but received and acted on in New York... [and] any loss was incurred in New York). However the court in Kuwaiti made clear that a determinative factor for one case may not be determinative for another. See 438 Mass, at 472-73. That is the case here. Although the deceptive acts were received in Massachusetts, the center of gravity in this case remains in Mexico. This is similar to Kuwaiti Danish Computer Co. itself. In that case the allegedly unfair or deceptive statements were made in Washington and received in Massachusetts.[3] 428 Mass, at 475. The court nonetheless concluded that the center of graviiy was not in Massachusetts. Id.
Plaintiffs reliance on Play Time, Inc. v. LDDS Metromedia Commun., Inc., 123 F.3d 23 (1st Cir. 1997), and other federal cases that predate Kuwaiti Danish Computer Co. and that utilize a formula of factors is misplaced. First, although the plaintiff asserts that the court in Kuwaiti cites Play Time with approval, the court in Kuwaiti makes clear that it has “misgivings about the utility of a formula for analyzing all the cases under §11.” 438 Mass, at 472. Second, following the decision in Kuwaiti, the First Circuit abandoned the three-prong test and replaced it with the “center of graviiy” from Kuwaiti See Kenda Corp. v. Pot O’Gold Money Leagues, 329 F.3d 216, 234-35 (1st Cir. 2003).
On the basis of the undisputed facts of the plaintiffs 93A claim, this Court concludes that the center of gravity of the circumstances that give rise to the plaintiffs claim is not primarily and substantially within Massachusetts. Accordingly, the defendants’ motion for summary judgment on Count II of the Amended Complaint is ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment on Count II of the Amended Complaint is ALLOWED.

Massachusetts General Laws c. 93A, §11 states that “[n]o action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth.”

The court in Kuwaiti concluded that the statements of two of the employees of the defendant corporation were not deceptive at all and so declined to consider them in its analysis. See 438 Mass, at 474. The statements of a third employee, Roy, were made to the plaintiff in Massachusetts from Washington and were presumably considered in the court’s analysis. See id. at 475.