Curran, Dennis J., J.
Introduction
Before me is the Commonwealth’s motion for summary judgment seeking dismissal because the state is immune from liability under G.L.c. 258, section 10(j).
Factual Background
Sarom Srey was a passenger in a stolen car fleeing from a marked state police cruiser when the car thief, Paul Santos, failed to negotiate a turn on Gorham Street in Lowell, crashed into a telephone pole, then the exterior brick stairs of a house and ejected Srey, killing him.
Srey’s version of events disappeared with his death; and Santos’ memory of the event is non-existent. Thus, we are left with those facts as detailed by Trooper Michael Spencer.[1]
In the dead of night, Spencer was in his marked state police cruiser stopped at a red light in Lowell. Santos’ car screeched to a stop directly behind the state police cruiser. The trooper got out of his cruiser and went over to Santos’ car (later determined to be stolen). Santos’ car headlights were not on. (It was about 3:50 a.m.) The trooper approached the driver’s side of the stolen car; Santos immediately threw the car into motion and headed directly at the trooper. Spencer pushed off the driver’s window but was injured (albeit not significantly) in the process. Spencer radioed for help. Santos ran two stop signs and sped up to ninety (90) miles per hour in a busy residential Lowell neighborhood. As Gorham Street turned, he did not, smashing into and careening off of a telephone pole, striking a brick stairway and ejecting both himself and Srey.
Santos was later convicted of operating under the influence, motor vehicle homicide by negligent operation, assault by means of a dangerous weapon and larceny of a motor vehicle.
Through his next of kin, Srey, the stolen car passenger, now seeks compensation from the state.
DISCUSSION
Under G.L.c. 258, Section 10(j), a public employer may be liable for injury or harm if its employee was the “original cause” of the “condition or situation” that resulted in harmful consequences to another. That employee’s act must have “materially contributed or created the specific ‘condition’ or ‘situation’ that resulted in the harm.” Kent v. Commonwealth, 437 Mass. 312, 319 (2002).
Here, it cannot be plausibly maintained that Trooper Spencer was the “original cause” of the condition or situation that caused Srey’s death. Instead, at least twelve (12) other “original causes" abound, and responsibility for any one of them cannot be rationally laid upon Trooper Spencer. They are:
Santos’ decision to steal a car;
Srey’s decision to occupy a stolen car;
Santos’ decision to drive without headlights;
Santos’ failure to drive safely such that he was compelled to screech his brakes to stop for the red light;
Santos’ inability to avoid detection by such erratic driving;
Santos’ failure to stop for the State Trooper, despite obviously being directed to do so;
Santos’ decision to gun the stolen car at the Trooper;
*385 Santos’ decision to strike the Trooper with the stolen car;
Santos’ decision to avoid arrest for stealing the car and operating under the influence;
Santos’ decision to flee the scene;
Santos’ decision to ignore two stop signs during his escape; and
Santos’ decision to run the engine in the stolen car at 90 miles per hour in a busy neighborhood to avoid capture.
This case is easily distinguished from Kent v. City of Boston, 367 F.Sup. 7, 13 (D.Mass. 2005), where the police “. . . initiated a chase . . . without any reason” and continued to pursue the driver ”... despite a number of orders to call off the pursuit.” Instead, here, Trooper Spencer had lawful authority to stop the stolen car (a point that plaintiffs counsel candidly conceded at oral argument), and was well authorized to initiate chase (again, a point honestly admitted by Srey’s counsel at oral argument). Instead, this case is more closely akin to Anagnos v. Hultren, 445 F.Sup. 184 (D.Mass. 2006). There, the decedent was struck and killed by a third party who was fleeing the pursuit of law enforcement officials and disobeying traffic laws. The police officers had reason to believe that the driver had been involved in criminal activity (there, a drug deal), and were “lawfully pursuing him.” The driver’s “flagrant disobedience of the officers’ commands and subsequent flight gave rise to the high-speed (sic) chase, during which [the operator] driving irresponsibly, struck and killed [the d]ecedent.”
As the Commonwealth has well stated in its memorandum:
The perverse consequences of plaintiffs theoiy of liability [are] evident; every fleeing motorist would know that escape is within his grasp, if only he accelerates to an excessive speed and disregards posted stop signs. It would be “neither practical nor sensible to conclude” that every time the police make the decision to pursue a fleeing felon that it is the “original cause” of all future conditions or situations in which the individual might inflict harm on someone. See Kent, 437 Mass, at 319.
See the Commonwealth’s memorandum at page 6.
That Trooper Spencer avers, by affidavit, he “backed off the pursuit” is almost beside the point. Under no rational view of these facts can it be honestly claimed that Trooper Spencer’s actions were the “original cause” of Srey’s death. Liability properly attaches to Santos, not the responding police officer. But Santos is nowhere found as a party to this action and thus, this matter must be DISMISSED.
ORDER
For the foregoing reasons, the Commonwealth’s motion for summary judgment is ordered ALLOWED. Judgment shall enter forthwith for the defendant Commonwealth of Massachusetts.

 Nevertheless, the court views the facts in the record in a light most favorable to Heng, and draws any reasonable inferences in her favor. Ng Bros. Construction, Inc. v. Cranney, 436 Mass. 638, 644 (2002); Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001).